ANGIE OLIVER, Respondent, v. FRANK WOOLEY, Appellant.

Kansas City Court of Appeals, January 11, 1897.

Replevin: PLEADING: PETITION: OBJECTION TO EVIDENCE. A petition in replevin set out in the opinion though demurrable on account of the indefiniteness of the description of the property replevied, is *held* after answer filed not to be subject to an objection to the introduction of evidence on the ground it failed to state a cause of action.

*Appeal from the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Lander, Johnson & Lander* for appellant.

(1) The petition is insufficient to authorize the introduction of any evidence, and appellant made timely objection thereto. R. S. 1889, sec. 7479; *Hamilton v. Clark*, 25 Mo. App. 428; *Crum v. Elliston*,

33 Mo. App. 590; *Foundry Co. v. Schlass*, 43 Mo. App. 304; *Huff v. Henry*, 57 Mo. App. 341; *Lockhart v. Little*, 30 S. C. 326; 20 Am. and Eng. Ency. of Law, sec. 4, p. 1095; *Rosentutes v. Brady*, 63 Mo. App. 398. (2) The complaint must contain a sufficiently definite and specific description to enable the officer to identify the property, and extrinsic evidence will not be permitted to aid a defective description of property in actions of replevin. *Crum v. Elliston*, 33 Mo. App. 590; *Huff v. Henry*, 57 Mo. App. 341.

ELLISON, J.—This is an action of replevin instituted in the circuit court. Plaintiff recovered. Wooley claimed the goods as constable, under a levy of an execution. As the principal point made relates to the sufficiency of the petition, we set it out:

"Plaintiff for her first amended petition and affidavit states that she is, and at the time of the commencement of this suit was, the owner and lawfully entitled to the possession of the following described personal property, to wit: 1 oak bedstead, 1 mattress, a bed spring, 2 stand tables, 4 chairs, 1 child's rocking horse, 1 tub, 1 wash board, 1 clothes boiler, 1 clothes wringer, a hanging lamp, a rag carpet, 1 clothes basket, 1 feather bed, 3 ingrain carpets, 3 pillows, 1 bolster, 6 bed comforts, 1 bed quilt, 3 pillow cases, 1 bolster case, 3 curtain poles, 2 curtains, 1 sewing machine, 1 wash bowl, 1 pitcher, 1 set of queensware dishes, 1 set of cooking stove utensils, consisting of 1 griddle, 2 pie pans, 2 bread pans, a coffee mill, 2 skillets, 1 rolling pin, a steam cooker, a flour chest, 2 boxes, 20 quarts of canned fruit, $1\frac{1}{2}$ gallons jelly, 20 fruit jars, of the value of one hundred and nine dollars and twenty-five cents ($109.25). That the same is wrongfully detained by defendants at the county of

Linn aforesaid; and has not been seized under any process, execution, or attachment against the property of the plaintiff; that said property has been injured by defendants, by handling, storage, and otherwise, to the amount of twenty dollars, and the plaintiff has been damaged by the taking and detention of said property and all injuries thereto in the sum of forty dollars, and that she will be in danger of losing her said property unless taken out of the possession of defendants. Wherefore, plaintiff prays judgment for the possession of said property and the recovery of same and forty dollars damage for the taking and detention of the same and all injuries thereto.''

Objection was made at the trial to any evidence in plaintiff's behalf on the ground that the petition was too indefinite in description. It would have been better if the petition had put some descriptive mark on the property whereby it might be identified from other property of like kind. It might have stated that it was held under a certain execution; or, that it was located at a certain place; or, some other specification of identification. But no demurrer was filed thereto and we deem the objection urged to have been waived by the answer. It is true that if the petition was REPLEVIN: pleading: petition: objection to evidence. so defective as not to state facts sufficient to constitute a cause of action, the defect would not have been waived by the answer. But in our opinion it was not so defective as that.

After considering this and other points suggested, we are of the opinion that the judgment should be affirmed. All concur.